Marvin GONZALES, Plaintiff–Appellant,

v.

ARMAC INDUSTRIES, LTD.,
Defendant–Third–Party–
Plaintiff–Appellant,

and

General Thermoforming Corporation,
Third–Party–Defendant–Appellee.

No. 1788, Docket 92–7150.

United States Court of Appeals,
Second Circuit.

Argued June 25, 1992.

Decided April 19, 1993.

Robert R. MacDonnell, New York City (Kroll & Tract, of counsel), for defendant-third-party-plaintiff-appellant.

Herman Schmertz, New York City (Gair, Gair, Conason, Steigman & Mackauf, of counsel), for plaintiff-appellant.

David W. Silverman, New York City (Granik Silverman, Ricki H. Berger, of counsel), for third-party-defendant-appellee.

Before NEWMAN, PRATT, and WALKER, Circuit Judges.

PER CURIAM:

On July 27, 1992 this court certified to the New York Court of Appeals the following question:

Whether a defendant manufacturer's pretrial agreement with an injured plaintiff, admitting liability for two percent of any damages a jury might award, and preventing plaintiff from enforcing against defendant any judgment in excess of 2% of plaintiff's total damages, is a "release from liability" within the meaning of § 15–108(c) of the General Obligations Law.

970 F.2d 1123 (2d Cir.1992).

By order and opinion dated February 11, 1993, the New York State Court of Appeals answered the question in the affirmative, 81 N.Y.2d 1, 595 N.Y.S.2d 360, 611 N.E.2d 261 (1993).

There being no other issues raised on this appeal, the judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge,* 756 F.Supp. 665, filed December 20, 1991, is affirmed for the reasons set forth in the opinion of the New York State Court of Appeals dated February 11, 1993.